RICHARD ROGOZINSKI ET AL. *v.* AMERICAN FOOD
SERVICE EQUIPMENT CORPORATION ET AL.
(13583)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and MENT, Js.

Argued February 28—decision released June 13, 1989

*Alice S. Miskimin,* with whom, on the brief, was *Herbert Watstein,* for the appellants (plaintiffs).

*Thomas G. Parisot,* for the appellee (named defendant).

*James E. Kernan,* for the appellee (defendant Henry M. Osowiecki & Sons, Inc.).

*Louis B. Blumenfeld,* with whom were *Annamarie DiBartolo* and, on the brief, *Eugene A. Cooney,* for the appellee (defendant Regional Reporting Services of New England, Inc.).

*Robert H. Hall,* for the appellee (defendant Connecticut Light & Power Company).

*Bryan L. LeClerc,* for the appellees (defendant Marcel Dionne et al.).

COVELLO, J. This is an action in which the plaintiffs sought to recover damages for a fire loss that was alleged to have been caused as the result of the defendants' negligence. The dispositive issue is whether the trial court erred in dismissing the plaintiffs' action for failure to return process within the six day period required by General Statutes § 52-46a.

Examination of the record discloses that the writ and summons bore a return date of April 26, 1988. The record further reflects that the process was stamped as received in the clerk's office on April 21, 1988, less than six days before the stated return date. The defendants moved to dismiss the action for failure to return the process in a timely manner. The trial court granted the motions of the named defendant et al. The plaintiffs

thereafter appealed that decision to the Appellate Court. We then transferred the matter to ourselves pursuant to Practice Book § 4023.

General Statutes § 52-46a states in relevant part that "[p]rocess in civil actions . . . shall be returned . . . to the clerk of [the superior court] at least six days before the return day." "[This] statute is mandatory and failure to comply with its requirements as to the time when process shall be served renders the proceeding voidable and subject to abatement. 1 Freeman, Judgments (5th Ed.), p. 697; see 33 C.J. 1093, note 78a; 49 C.J.S. 63, note 36. There is no decision by this court to the contrary. The fact that in so few cases since the original enactment in 1744 has it had occasion to refer to this provision, as well as the language used when it has done so, is indicative that the statute's requirements have been deemed too plain for question." *Daley* v. *Board of Police Commissioners*, 133 Conn. 716, 719–20, 54 A.2d 501 (1947); See *Chevalier* v. *Wakefield*, 85 Conn. 374, 375, 82 A. 973 (1912); E. Stephenson, Connecticut Civil Procedure (2d Ed.) § 22, p. 73.

Despite the clear precedent to the contrary, the plaintiffs claim that the trial court should have denied the motion to dismiss because of the language contained in General Statutes § 52-123.[1] The plaintiffs argue that the late return of process was a "circumstantial error" within the meaning of § 52-123 and, therefore, the matter should not have been dismissed. We do not agree.

This statute "has been in existence [over three hundred years] and has been preserved [essentially] unaltered during this long period of time, though revi-

---

[1] General Statutes § 52-123 provides: "CIRCUMSTANTIAL DEFECTS NOT TO ABATE PLEADINGS. No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court."

sion after revision of the statutes has been made
. . . . " *Andrews* v. *Thayer,* 40 Conn. 156, 158 (1873).
It was designed to ameliorate the rigors of the common law that required the precise designation of all persons, whether or not parties to an action. E. Stephenson, supra, § 105, p. 433. The statute is used to provide relief from defects in the text of the writ itself but is not available to cure irregularities in the service or return of process. We have never held to the contrary.

Circumstantial defects not subject to abatement by reason of § 52-123 or its predecessors have included the mistaken use of a Practice Book form; *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* 201 Conn. 350, 357, 514 A.2d 749 (1986); failure to designate an apartment number in a writ; *Hartford National Bank & Trust Co.* v. *Tucker,* 178 Conn. 472, 477–79, 423 A.2d 141 (1979), cert. denied, 445 U.S. 904, 100 S. Ct. 1079, 63 L. Ed 2d 319 (1980); an erroneous reference in appeal papers to "next term" instead of "next return day"; *New Haven Loan Co.* v. *Affinito,* 122 Conn. 151, 154, 188 A. 75 (1936); a copy of the affidavit attached to the writ served upon the defendant that did not bear the signature of the affiant; *Matthai* v. *Capen, Trustee,* 65 Conn. 539, 33 A. 495 (1895); an erroneous reference in the return to "the City Court held at New Haven in and for the city of New Haven" instead of "The City Court of New Haven"; *New England Mfg. Co.* v. *Starin,* 60 Conn. 369, 370, 22 A. 953 (1891); an erroneous prayer for relief on the writ and declaration rather than on the writ alone; *Draper* v. *Moriarity,* 45 Conn. 476 (1878); and a defendant who had signed his name in the body of a plea in abatement signed "defendant" at the end of the plea instead of again signing his name. *Wilcox* v. *Chambers,* 34 Conn. 179 (1867).

Thus, despite its facially expansive language, § 52-123 and its predecessors have been uniformly limited in their application to defects in the writ. See E. Stephenson, supra, § 101, pp. 435–36. Meanwhile, there is uncontroverted authority to the effect that defects in the process are voidable and therefore subject to abatement. We see no reason to disturb this well recognized distinction.[2]

The plaintiffs next claim that by mailing the complaint on April 18, they have complied with the time requirements of General Statutes § 52-46a. We disagree. The only timely way to return process is to deliver it in such a manner as ensures that it is physically in the clerk's office within the prescribed time period. The *mailing* of the process at least six days before the return date does not satisfy the statutory requirement that the process be returned "*to the clerk* . . . at least six days before the return day."

We conclude, therefore, that the trial court did not err in dismissing the plaintiffs' action for failure to file the return of process at least six days prior to the return date.

There is no error.

In this opinion the other justices concurred.

---

[2] Ostensibly, the General Assembly specifically considered this issue when it enacted General Statutes § 52-592, the accidental failure of suit statute, inasmuch as it specifically refers to the failure to return process. Since that statute authorizes the reinitiation of a suit that has failed "to be tried on its merits because of insufficient service or return of the writ due to . . . neglect of the officer to whom it was committed" then, arguably, a suit whose process fails for an unknown reason, such as is the case here, should not be treated any more harshly.