[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (No. 123)
On March 4, 1991, the court (Spear, J.) granted the plaintiff's motion to cite in Salvatore DeBenedetto as a codefendant. Mr. DeBenedetto was served with process at his usual place of abode on April 3, 1991. See Sheriff's Return. The return date for service was April 30, 1991.
Mr. DeBenedetto moves to dismiss the complaint as to him because, he argues, the Bridgeport Clerk's Office failed to date stamp the return of process. He, therefore, concludes that the court cannot know if service of process was returned at least six days before the return date as required by Connecticut General Statutes 52-46a.
The plaintiff argues that the defendant offers no proof that the return was late and that, if any filing defect exists, it is a harmless, circumstantial defect that does not affect the court's jurisdiction.
 [E]xcept in the special circumstances of administrative appeals, defects in process do not deprive a court of subject matter jurisdiction. . . . `Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of CT Page 10204 mandatory statutes in that regard are essential to jurisdiction over the person.' Bridgeport v. Debek, 210 Conn. 175, 180, 554 A.2d 728 (1989) (citation omitted).
Compliance with the six day return requirement in section 52-46a is mandatory and renders a proceeding voidable. Rogonnski v. American Food Service Equipment Corp., 211 Conn. 431,433, 559 A.2d 1110 (1989). Late return of process is not a circumstantial defect. Id. Therefore, the savings statute for circumstantial errors, section 52-123, is inapplicable. Id. at 435.
The parties have not cited to any Connecticut cases on point and research reveals none. However, the court cannot determine whether it has personal jurisdiction over the defendant because there is no evidence as to the date process was returned. As the defendant claims, the summons is not date stamped as to when it was returned to court. No record of the date of return exists in the Bridgeport Clerk's Office. The defendant offers no proof that the return was late and does not contest that he was properly served. The plaintiff also submits no evidence regarding the date of return.
It is clear that an essential fact necessary to determine the court's persona jurisdiction over the defendant is not apparent on the face of the record. It is further noted that the parties have failed to submit affidavits in support of their respective positions. See Practice Book 143.
"When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 56,459 A.2d 503 (1983).
It is thus submitted that the court should hold an evidentiary hearing to help it determine the date when process was returned to court. Therefore, this court refrains from ruling on the motion until a hearing is held before any judge.
W. JOSEPH McGRATH, JUDGE