[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS
The plaintiff, Laurie Parsons, filed this complaint sounding in negligence against the defendants, Rolls Decors Company ("Rolls") and Dale DuFresne ("DuFresne"), as a result of a November 30, 1989, motor vehicle collision. The summons and complaint bore a return date of December 17, 1991, and process was received in the clerk's office on December 12, 1991. On December 26, 1991, the defendants filed a Motion for Extension of Time to Plead and, on January 13, 1992, this court denied that motion. On January 21, 1992, the defendants filed a motion to dismiss and attached thereto a memorandum of law. On February 3, 1992, the plaintiff filed an objection to the motion to dismiss and a supporting memorandum.
The motion to dismiss is the proper manner by which to challenge the sufficiency of process. Practice Book Section 143(4); Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985).
The defendants, in their memorandum in support of the motion to dismiss, contend that because process was returned to the court on December 12, 1991, said process is insufficient pursuant to General Statutes Sec. 52-46a. The CT Page 1812 plaintiff, in its memorandum in opposition to the motion to dismiss, claims that the defendants' filing of a motion for extension of time to plead constitutes a waiver pursuant to Practice Book Sections 112-113 of their right to file a motion to dismiss. Further, the plaintiff contends that it complied with the requirements of General Statutes section52-46a because it posted the return of process with a United States Mail Carrier on the morning of December 9, 1991.
The first issue before this court is whether the defendants waived their right to file a motion to dismiss because they previously filed a motion for extension of time to plead. Practice Book Section 113 states that "the filing of any pleading provided for by [section 112] will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of the pleading provided in that section." Practice Book Section 113. Nowhere in Section 112 does a motion for extension of time to plead appear. Such a motion does not constitute a responsive pleading as such are depicted in Practice Book Section 112. Indeed, such a motion, if granted, merely serves to extend the time in which to file a Section 112 pleading. Consequently, the filing and denial of a motion for extension of time to plead does not affect the order of pleadings as articulated in Practice Book Sections 112 and 113, and the defendants have not waived their right to file a motion to dismiss.
General Statutes Section 52-46a states, in pertinent part, that "[p]rocess in civil actions . . . shall be returned . . . to the clerk of [the superior court] at least six days before the return day." Rogozinski v. American Food Service Equipment Corp., 211 Conn. 431, 433,559 A.2d 1110 (1989) (quoting General Statutes Section52-46a. "[this] statute is mandatory and failure to comply with its requirements as to the time when process shall be served renders the proceeding voidable and subject to abatement." Rogozinski, supra. In the present matter, the summons and complaint bore a return date of December 17, 1991. As was noted, supra, the record reflects that the process was time stamped as received in the clerk's office on December 12, 1991, less than six days before the stated return date.
The plaintiff claims that by mailing the return of process on December 9, 1991, they have complied with the time requirements of General Statutes Section 52-46a. However, as was noted in Rogozinski:
 The only timely way to return process is to deliver it in such a manner as ensures CT Page 1813 that it is physically in the clerk's office within the prescribed time period. The mailing of the process at least six days before the return date does not satisfy the statutory requirement that the process be returned `to the clerk . . . at least six days before the return day.'
Id. at 435 quoting General Statutes Section 52-46a. (Emphasis in original.) Consequently, the plaintiff has failed to satisfy the requirements of General Statutes Section 52-46a and pursuant to Rogozinski, the motion to dismiss is granted.
PICKETT, J.