The plaintiffs, acting pro se, brought the present appeal from the action of the Stamford Zoning Board of Appeals in granting an application of the defendant, Group W Satellite Communications ("Group W"), for a special exception. The appeal itself is dated October 23, 1991 and is made returnable the fourth Tuesday of December. By a motion filed on June 11, 1992, the defendant, Group W, seeks to dismiss the action on the grounds that the following deficiencies constitute subject matter jurisdiction which can be raised at any time: (1) The summons served upon the defendant bears a return date of the "fourth Tuesday of December" and therefore lacks certainty by the omission of the appropriate year in which process is to be returned; and (2) the return day, the fourth Tuesday of December, is beyond the two-month limitation imposed by General Statutes 52-48(b) which provides, in part: "[A]ll process shall be made returnable not later than two months after the date of the process . . . ."
"`Jurisdiction of the subject-matter is the power (of the court) to hear and determine cases of the general class to which the proceedings in question belong.' . . . `A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not the regularity of the court's exercise of that power.'" (citations omitted.) Castro v. Viera,207 Conn. 420, 427 (1988); Lauer v. Zoning Commission,220 Conn. 445, 460 (1991). In the present case, Group W does not claim that the court does not have power to hear appeals from actions of the Zoning Board of Appeals of the City of Stamford. The claims of Group W are limited, in the present motion, to the form of the process and the appropriateness of the return date. "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person (emphasis in original) . . . The Superior Court lacks subject matter jurisdiction only if it has no competence to entertain the action before it. Unlike subject matter jurisdiction . . . personal jurisdiction CT Page 5561 may be created through consent or waiver." (Citations omitted.) Bridgeport v. Debeck, 210 Conn. 175, 179-180 (1989). The issues raised by the Motion to Dismiss constitute, at most, voidable defects and do not implicate the subject matter jurisdiction of the Superior Court. See Rogozinski v. American Food Service Equipment Corporation, 211 Conn. 431, 435 (1989).
In the present case, the appearance on behalf of Group W was filed on December 26, 1991 and the Motion to Dismiss was filed on June 11, 1992. Accordingly, the Motion to Dismiss is denied. See Practice Book 142-144.
The plaintiffs have also filed a motion entitled "Motion to Enjoin Further Construction and Transmission," and a "Motion to Enjoin Further Construction and Transmission and Tear Down What Was Built." The Motions for the most part seek to raise matters taking place after the appeal was taken and do not constitute an application for a restraining order after notice to the Board as contemplated by General Statutes 8-8g. Accordingly, the Motions to Enjoin are hereby denied.