[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS #101
The plaintiff, Joseph Karpinski, filed a two-count complaint to recover damages for injuries allegedly suffered in a motor vehicle accident. The plaintiff sues Joann Spodick, the driver CT Page 7868 of the car that hit the plaintiff's car, and Antonio Vanacore, the owner of the car.
The defendants have filed a timely motion to dismiss on the grounds that process and service of process were insufficient, thereby depriving the court of jurisdiction over them. The plaintiff has filed an objection, requesting that the motion be denied and that he be granted permission to correct the defect in the summons. He has filed a separate motion to correct which is not formally before the court. The defendants have filed a memorandum of law in support of their motion to dismiss. The plaintiff has filed no memorandum of law in support of his opposition.
A defendant must contest the court's personal jurisdiction over him or her in a timely motion to dismiss. Practice Book 142. Insufficient process and service of process affect the court's personal jurisdiction over a defendant.
The defendants argue that the writ that directed service upon them is insufficient because it is not signed by commissioner of the court, a judge, or a clerk of the court as required by 52-45a. The plaintiff counters that the complaint and statement of demand were signed and that the defendants were duly served. The plaintiff also moves to correct the defect by adding the requisite signatures.
General Statutes 52-45a provides in part "[t]he writ . . . shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable."
The writ of summons contained in the court file lacks the signature required by 52-45a and lacks the signature of the official taking recognizance.
"A summons is part of a citation. The citation . . . is a command to a duly authorized officer to summon the defendant . . . to appear in court on a specific day to answer the complaint." (Internal citations omitted.) Hillman v. Greenwich, 217 Conn. 520,524-25, ___ A.2d ___ (1991).
Here, the writ did not contain the signature of a proper authority directing the commencement of the action. That defect rendered the process and the unauthorized service of process insufficient.
The defective process is not a circumstantial defect in the text of the writ that could be cured. General Statutes 52-123
Rogozinski v. American Food Service Equipment Corp., 211 Conn. 431,559 A.2d 1110 (1989) (cataloging defects deemed CT Page 7869 circumstantial). The court never acquired personal jurisdiction over the defendants because service of process upon them was unauthorized. See Hillman, supra, 526-27. Consequently, lacking jurisdiction over the defendants the court has no choice but to grant the motion to dismiss.
THE COURT:
John P. Maiocco, Jr., Judge