[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants in this mortgage foreclosure action have moved to dismiss on grounds of defective process. Specifically, they allege that the summons and complaint were returned to the Superior Court for the Judicial District of New Haven although, as served on the defendants, they identified the Superior Court for the Judicial District of Fairfield at Bridgeport as the court to which process was to be returned. The defendants further claim that process was not returned to this court within six days of the return date.
The summons, contained in form JD-CV-1, identifies the New CT Page 8416 Haven Judicial District as the place where the writ is returnable, and lists the clerk's office as being located at 235 Church Street. These entries are made over a layer of white correcting fluid, indicating that some other location may have initially been identified. The defendants have not supplied the court with a copy of the summons they received, and the court will therefore conclude that it, like the original, identified New Haven as the location for return of process. The caption on the complaint lists the court as the Superior Court for the Judicial District of Fairfield at Bridgeport. The complaint contains a notation listing the return date at March 22, 1993; however the summons lists the return date as March 30, 1993. The clerk's stamp reveals that the process was returned to the Superior Court for the Judicial District of New Haven on March 30, 1993.
Section 52-45a C.G.S. provides that the writ of summons should describe, inter alia, "the court to which it is returnable, the return day and the date and place for the filing of an affidavit." That statute does not require the complaint to contain this information. The correct information appears in the writ of summons, which contains the instructions to the defendants as to how to file an appearance. The court concludes that the listing of inaccurate information in the caption of the complaint did not nullify the plaintiff's compliance with Section 52-45a C.G.S. as to the required contents of the writ of summons.
The plaintiff did not, however, comply with 52-46a C.G.S., which requires that process shall be returned to the clerk of the Superior Court "at least six days before the return day." The return day identified on the summons was March 30, 1993. The process was returned to the clerk's office on March 30, the return day, a date less than six days before the return day. Failure to comply with the time limits of 52-46a C.G.S. has been held to be a jurisdictional defect that requires dismissal. Rogozinski v. American Food Service Equipment Corporation, 211 Conn. 431 (1989).
The motion to dismiss is granted.
Beverly J. Hodgson, Judge CT Page 8417