[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO MOTIONS TO DISMISS #106, and #107
The defendants seek dismissal of this six-count action alleging fraudulent transfer, violations of the Connecticut Unfair Trade Practices Act, General Statutes 42-110a et seq. ["CUTPA"], and violations of the Racketeering Influenced and Corrupt Organization Act, 18 U.S.C. § 1961 ["RICO"]. The plaintiffs are Florence Krondes and the estate of James Krondes. The defendants are William O'Boy Sr., Carmela O'Boy and William O'Boy, Jr. On January 10, 1994, the defendants filed two motions to dismiss the action, which were not accompanied by a supporting memorandum of law pursuant to Practice Book 143.[1] The first motion #103, seeks to dismiss the action against O'Boy Jr. on the grounds that he was never served with a writ, summons and complaint and the second motion #104, seeks to dismiss the action against all defendants on the grounds that they were not served with a true and attested copy of the writ, summons and complaint. The plaintiffs filed objections and memoranda in opposition to both motions on January 26, 1994.
"[T]he motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the trial court." Upson v. State,190 Conn. 622, 625 n. 4, 461 A.2d 991 (1983). A motion to dismiss "admits all facts which are well pleaded, invokes the existing record, and must be decided on that alone (Citations omitted.)" CT Page 4020 Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). The complaint is construed most favorably to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983).
1. The First Motion #103
The defendants claim that O'Boy Jr. was never served with a writ, summons and complaint, so this court does not have jurisdiction over the action. In response, the plaintiffs claim that the action should not be dismissed because plaintiffs filed an order of notice pursuant to Practice Book 196 and 199.
The sheriff's return states that service was made upon O'Boy Sr. and Carmela O'Boy, but the sheriff was unable to locate O'Boy Jr. after a diligent search. On January 21, 1994, the plaintiffs filed an application for first order of notice, moving for an order directing that notice of the action be given to O'Boy Jr. by: (1) publishing a copy of an order of notice in the Norwalk HOUR; (2) sending a copy of the order of noticel [notice], summons and complaint to his last known mailing address; and (3) sending a copy of the order of notice to the law firm that is representing him in a related case. On February 7, 1994, this court, Mottolese, J., denied the motion as to the publication request but granted it as to the other two requests.
Practice Book 196 provides that:
 "[e]very motion, request, application or objection directed to pleading or procedure, unless related to procedure in the course of a trial, shall be in writing and shall . . . have annexed to it a proper order of notice and citation, if one or both are necessary. Such motion, request, application or objection shall be served on all parties as provided in Section 120 and when filed, the fact of such service shall be endorsed thereon.
Section 199 provides that applications for orders of notice "shall state the residence of the party to whom the notice is sought to reach or that all reasonable efforts have been made to ascertain the residence and have failed. . . ." The plaintiff's certification accompanying the motion for order states that the pleading was mailed to O'Boy Sr., Carmela O'Boy and counsel for O'Boy Jr.
The defendant appeared to argue that although the plaintiffs filed an order of notice, O'Boy Jr. was not served with such order CT Page 4021 by a sheriff, so service was not proper. However, counsel for O'Boy Jr. filed an appearance on December 21, 1993 and it is therefore found that he is a "party who appeared" pursuant to Practice Book 121(c), i.e., serving pleadings asserting "new or additional claims against parties who have not appeared or have been defaulted." Not only did counsel for O'Boy Jr. file an appearance, but O'Boy Jr. himself was in the courtroom when the motions to dismiss were argued. O'Boy Jr. was apprised of the claims against him. Accordingly, the court sustains the objection (#106) to this motion to dismiss the action against O'Boy Jr.
II. Second Motion
The defendants, essential argument is that since the sheriff did not sign the return of service and the copy served upon the defendants differed from the original in that it was updated, there is no proof that defendants were given true and accurate copies of the summons and complaint. In response, the plaintiffs argue that defendants, motion to dismiss should be denied because: (1) defendants did not comply with the Practice Book by attaching a memorandum of law; (2) defendants did not set forthwith sufficient particularity the basis for the court's lack of jurisdiction; and (3) the defendants had actual notice of the action and were not misled or prejudiced by the minor variation between the copies served upon the defendant and the original filed with the court.
The return of service indicates that on December 5, 1993, the sheriff served O'Boy Sr. and Carmela O'Boy with a writ of summons bearing a return date of December 21, 1993 and a complaint dated December 3, 1993. The writ was signed by counsel for the plaintiffs, and the box entitled "date" read as follows: 12/__/93. On the original writ filed with the court, the day was added in ink, but did not appear on the copies served to the defendants. In addition, the sheriff did not sign the bottom of the return, attesting to service upon the defendants.
The issue before the court is whether the defect in the writ and the fact that the sheriff did not sign the return date are circumstantial errors which may be amended or fatal ones warranting dismissal of the action. "Courts throughout the country have been reluctant to invalidate service on a defendant based on a defect in service where the defendant subsequently appears and has not been mislead by the defect." Udolf v. Swerdloff, 9 CTLR 252 (June 15, 1993, Wagner, J.). General Statutes 52-123 provides that: CT Page 4022
 [n]o writ, pleading, judgment or any kind of proceeding in the court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes, or defects, if the person and the cause may be rightly understood and intended by the court. . .
Section 51-123 is used to provide relief from defects found in the text of the writ. Rogozinski v. American Food Service, 211 Conn. 431,435, 559 A.2d 1110 (1989). Section 52-128 permits the plaintiff to amend such defects, mistakes or informalities without cost within the first thirty days after the return date and at any time afterwards with payment of cost at the court's discretion. "It is not the policy of our courts to interpret rules and statutes in so strict a manner as to deny a litigant the pursuit of its complaint for mere circumstantial defects." (Citation omitted.). Hartford National Bank Trust v. Tucker, 178 Conn. 472, 477-78,423 A.2d 141 (1979), cert. denied, 445 U.S. 904, 100 S.Ct. 1079,63 L.Ed.2d 319 (1980). "The purpose [of 52-123] is to prevent abatement of proceedings as long as there is notice to all parties." Id., 478. "Absent a statute requiring strict compliance to prejudice to the defendant, an error on a writ should be considered circumstantial under 52-123." Rausch v. Boyd,9 CTLR 84, 85 (May 10, 1993, Higgins, J.). The Supreme Court has held that:
 [c]ircumstantial defects not subject to abatement by reason of 52-123 or its predecessors have included the mistaken use of a Practice Book form . . . failure to designate an apartment number in a writ . . . an erroneous reference in appeal papers to `next term' instead of "next return day" . . . a copy of the affidavit attached to the writ served upon the defendant that did not bear the signature of the affiant . . . an erroneous reference in the return to "the City Court held at New Haven in and for the city of New Haven" instead of "The Court of New Haven" . . . an erroneous prayer for relief on the writ and declaration rather than on the writ alone . . . and a defendant who had signed his name in the body of a plea in abatement signed "defendant" at the end of the plea instead of again signing his name.
Rogozinski v. American Food Service, supra, 434. Certain defects can never be cured, including the filing of a writ without a complaint and the failure to serve the proper officer of a CT Page 4023 corporation. Bankmart v. Richards, 3 Conn. L. Rptr. 94 (December 26, 1990, Spear, J.). At least one court has found that a sheriff's failure to sign the return of service does not make the action subject to dismissal, at least when the court is not dealing with statutes which are in derogation of common law and have been strictly construed, as long as the defendants are not mislead or prejudiced. Udolf v. Swerdloff, supra. No court has addressed this issue of whether failure to include the day on a writ is a circumstantial or substantive defect. The cases cited by the defendants involve defects in the return date rather than the date of the writ itself. See General Statutes 52-48. The defect should be considered circumstantial, as the sheriff's return indicates that the defendants were served on December 5, 1993, the complaint is dated December 3, 1993, and the writ contains the correct return date. The date an action is commenced is the date when the writ is served rather than the date of the writ or the return date. Tuohey v. Martinjak, 119 Conn. 500, 501, 177 A (1935). There is no indication that the defendants were prejudiced or mislead by the omission of the date on the writ or by the sheriff's failure to sign the return of service. Appearances were properly filed and all defendants were given timely notice of the claims against them.
Accordingly, the objection 107 to the Motion to Dismiss is hereby sustained. The plaintiff's are ordered to file an amendment to correct the defects.
KARAZIN, J.