[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On August 7, 1993, plaintiff Humberto Rosario commenced the instant action against defendant James M. Hasak by causing a true and attested copy of his Writ, Summons and Complaint to be left at the defendant's usual place of abode in Fairfield, Connecticut. In the Complaint, which bore a return day of September 7, 1993, the plaintiff alleged that on or about July 3, 1990, while he and the defendant were operating their respective vehicles on Wethersfield Avenue in Hartford, Connecticut, the defendant negligently drove his vehicle into the rear of the plaintiff's vehicle, thereby causing the plaintiff to suffer bodily injury and damage to his vehicle. In addition, obviously anticipating that the defendant would assert a special defense under General Statutes § 52-584, Connecticut's two-year statute of limitations for negligence actions, the plaintiff specially pleaded that:
 7. Under docket number CV93-0522579S, the instant action was dismissed for a matter of form within the meaning of C.G.S 52-592.
 8. The instant action is permissible as an accidental failure of suit pursuant to C.G.S. 52-592.
Complaint, ¶¶ 7, 8.
On September 27, 1993, before the pleadings in this action were closed, defendant Hasak moved this Court to enter summary judgment in his favor on the ground that this action is barred by the statute of limitations and is not saved by the accidental-failure-of-suit statute. The Court denied this Motion on the ground that since the pleadings in the case were not yet closed, and no defense under the statute of limitations had yet been interposed, the timeliness of the plaintiff's commencement of this action had not yet become a fact material to the outcome of this case.
On August 5, 1994, defendant Hasak finally answered the plaintiff's Complaint by asserting, inter alia, that the instant action was barred by the statute of limitations. The plaintiff replied to that special defense with a general denial on September 13, 1994.
Thereafter, on September 19, 1994, the defendant moved this CT Page 11988 Court for permission to reargue his earlier Motion for Summary Judgment. Upon the granting of the Motion to Reargue, the Court again heard argument on the merits of the defendant's Motion for Summary Judgment. For the following reasons, the Court now concludes that the defendant's Motion for Summary Judgment must be granted.
 I.
A party is entitled to summary judgment wherever "the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Conn. Prac. Bk. § 384. "The party seeking summary judgment has the burden of showing the non-existence of any material fact." Strada v.Connecticut Newspapers, 193 Conn. 313, 317 (1984). To meet this burden he must first establish that the fact as to which he claims that there is no genuine issue is indeed a "material fact" — that is, a "fact that will make a difference in the case." Yanow v. Teal Industries, Inc., 178 Conn. 262, 268-69
(1979). If he succeeds in this initial demonstration, he must go on to prove that the materials submitted along with his motion, when considered in the light most favorable to his opponent, so conclusively establish the existence of that fact as to eliminate any genuine issue thereon. Conn. Prac. Bk. § 384. Only if he makes both showings should his motion for summary judgment be granted.
 II.
In Connecticut, the law provides that "no action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained." General Statutes § 52-584. Under General Statutes § 52-592, however, it is further provided that
 If any action, commenced within the time limited by law has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; . . .CT Page 11989 the plaintiff . . . may commence a new action . . . at any time within one year after the determination of the original action . . . .
Id. (Emphasis supplied).
A Connecticut lawsuit is "brought" or "commenced," within the meaning of the foregoing statutes, "on the date of service of the writ upon the defendant." McGaffin v. Roberts, 193 Conn. 393, 401
n. 9 (1984). Therefore, because the instant action is based on personal injuries which the plaintiff claims to have sustained on July 3, 1990, its commencement by abode service on August 7, 1993 — more than one full year after the two-year statute of limitations for negligence actions had run — was obviously untimely unless it can be justified under the accidental-failure-of-suit statute.
In opposition to the defendant's Motion for Summary Judgment, the plaintiff has offered two alternative reasons why the instant action can be justified under the accidental-failure-of-suit statute. Both reasons are tied directly to the following, highly unusual history of the current controversy.
This action is actually the third of three identical lawsuits which the plaintiff has commenced against defendant Hasak to recover damages for personal injuries he claims to have suffered at the hands of defendant Hasak in their motor vehicle collision of July 3, 1990. According to documents submitted by the plaintiff in opposition to this Motion, the first such action was commenced on July 3, 1992 — exactly two years after the plaintiff sustained his injuries — when he caused a true and attested copy of his original Writ, Summons and Complaint to be served personally on defendant Hasak by Fairfield County Deputy Sheriff Joan A. Swanson. However, though the plaintiff's original Complaint bore a return day of August 4, 1992, it was not returned to this Court until three months later, when on November 4, 1992 it was delivered to the Hartford Superior Court Clerk's Office without the appropriate fee. Upon receiving these documents, personnel from the Clerk's Office duly time stamped them, marked a handwritten X through the time-stamp, and made the following handwritten notation upon them:
 Jon. Field Return date 8/4/92? AND WRONG FEE: 11/4/92 CT Page 11990
These documents, so stamped and marked, were then returned to plaintiff's counsel for further action.
Inexplicably, from November 4, 1992 to the present, the plaintiff has taken no action whatsoever to refile his original action, with or without the appropriate fee, or otherwise to prosecute that action in any way. As a result, the original action has not yet been assigned a docket number by the Clerk of this Court.
Instead, on or about March 9, 1993, the plaintiff commenced a second identical action against defendant Hasak. However, since this second action, which was assigned docket number CV93-0522579S, was not returned to Court until the return day itself, it was later dismissed, on defendant Hasak's motion to dismiss, for failure to comply with General Statutes § 52-46a.
Against this background the plaintiff first claims, as he has suggested in paragraphs 7 and 8 of his pending complaint, that this third identical action is saved by the accidental-failure-of-suit statute because it was commenced within one year after the defeat of his second identical action for a matter of form. It is true, of course, that the dismissal of an action under Section 52-46a because it was improperly filed on the return date is a "defeat" of that action "for a matter of form," within the meaning of Section 52-592. However, Section52-592 makes it clear that for any new action to be saved thereunder, it must be filed within one year after the dismissal or other failure of another earlier action which itself was "commenced within the time limited by law[.]" Id. Therefore, since the plaintiff's second action was not commenced until March 9, 1993, nearly 2 1/2 years after the date on which the plaintiff was injured, the failure of that earlier lawsuit "for a matter of form" cannot be held to extend the plaintiff's right to file a new action for an additional year. See Pintavalle v. Valkanos,216 Conn. 412 (1990).
As a fallback position, the plaintiff claims that the instant action is saved by Section 52-592 because it was filed within one year after the failure of his original action to be tried on the merits. Claiming that his original, timely served action failed or was otherwise defeated without a trial on its merits when, on November 4, 1992, the Clerk's Office refused to accept his return of process, he now contends that the instant action was timely CT Page 11991 "commence[d] . . . within one year after the determination of the original action[.]" Id.
This argument, though interesting, is also without merit, for the original action, though never properly filed with the Court, has never been dismissed or defeated, nor otherwise failed short of trial for any reason. When the plaintiff failed to return his original, timely-served process to Court until November 4, 1992, he violated the express provisions of General Statutes §52-46a, which
 states in relevant part that "[p]rocess in civil actions . . . shall be returned . . . to the clerk of [the superior court] at least six days before the return day. This statute is mandatory and failure to comply with its requirements as to the time when process shall be served renders the proceeding voidable and subject to abatement.
1 Freeman Judgments (5th Ed.), p. 697; see 33 C.J. 1093, note 78a; 49 C.J.S. 63, note 36.
Rogozinski v. American Food Service Equipment Corporation,211 Conn. 431, 433 (1989) (emphasis supplied). A defect which renders a proceeding "voidable" affects the Court's personal jurisdiction over the defendant, not its subject-matter jurisdiction over the entire lawsuit. Unless the defendant timely asserts such a defect as a basis for challenging the Court's jurisdiction, he is deemed to have waived the defect in question and to have consented to the jurisdiction of the Court.
In Connecticut, any challenge to the sufficiency of the return of process must be presented on a timely motion to dismiss under Practice Book § 142. Such a motion must be filed "within thirty days of the filing of an appearance," id., or "[a]ny claim of lack of jurisdiction over the person or . . . insufficiency of process or insufficiency of service of process [it might otherwise have presented is] waived . . . ." Practice Book § 144.
In this case, the evidence presented on this Motion for Summary Judgment shows that the defendant never moved to dismiss the plaintiff's original action, though he attempted to file his appearance therein in early August of 1992. If ever and whenever the plaintiff sees fit to return his original process to Court, CT Page 11992 along with the proper statutory fee, the Court may have occasion to decide whether or not the defendant's failure to object to the timely return of process constituted a waiver of that jurisdictional defect. Unless and until that occurs however, the original action, though surely in legal limbo because of the plaintiff's failure to refile it with the proper fee, is still a viable action which no court has yet dismissed or otherwise disposed of.
The unilateral decision of the plaintiff to initiate a new, untimely action in March of 1993 rather than to refile his original action, and thereby risk its possible dismissal for lack of jurisdiction, was his own voluntary decision, not the determination, final or otherwise, of any court. Therefore, the instant action cannot be justified under the accidental-failure-of-suit statute as a "new action [commenced] . . . within one year after the determination of the original action[.]" General Statutes § 52-592. The "original action" in this case has simply never been "determin[ed]," within the meaning of Section 52-592.
For the foregoing reasons, the Court concludes that there is no genuine issue as to the validity of the defendant's special defense under the statute of limitations. Notwithstanding the continuing viability of the plaintiff's original action,[1]
this later-filed action is clearly barred by Connecticut's two-year statute of limitations for negligence actions and is not saved by the accidental-failure-of-suit statute. The defendant's Motion for Summary Judgment is therefore granted.
Michael R. Sheldon, J.