[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This action involves a claim of wrongful discharge by the plaintiff, Tishie Anderson, against the defendant Westport Toyota-Mazda. On September 27, 1994, the defendant filed an appearance in the action. On October 12, 1994, the defendant timely filed a motion to dismiss the plaintiff's complaint, with a supporting memorandum of law, on the grounds of insufficiency of service of process and insufficiency of process. The plaintiff did not file a memorandum of law in opposition to the defendant's motion to dismiss.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). Insufficiency of process and insufficiency of service of process are two grounds that may be asserted in a motion to dismiss. Practice Book § 143. A claim of insufficiency of process, or insufficiency of service of process, is waived if it is not raised by a motion to dismiss, filed within the time provided by Practice Book § 142. Practice Book § 142. Practice Book § 144.
The defendant argues that the plaintiff's complaint should be dismissed because the plaintiff failed to comply with General statutes § 52-46, which requires that process be served at least twelve days prior to the return date, and General Statutes § 52-46a, which requires that process be returned to court at least six days prior to the return date.
Section 52-46 provides that civil process that is returnable to the superior court shall be served at least twelve days prior to the return date. See Thorn Americas, Inc. v. Torres, Superior Court, judicial district of New Haven, Docket No. 354619 (April 13, 1994, Burns, J.) (granting the motion to dismiss on the ground that the plaintiff failed to serve process in compliance with § 52-46). CT Page 12575
Furthermore, § 52-46a requires that process that is returnable to the superior court shall be returned "to the clerk of such court at least six days before the return date." Compliance with the requirements of § 52-46a has been held to be mandatory. See Rogozinski v. American Food Service EquipmentCorp. , 211 Conn. 431, 433, 559 A.2d 1110 (1989). Furthermore, the failure to comply with the requirements of § 52-46a has been held to render the proceeding voidable and subject to dismissal. Id., see also Bergin v. Bergin, 3 Conn. App. 566, 568-69,490 A.2d 543, cert. denied, 196 Conn. 806, 404 A.2d 903 (1985); Bellv. Colson, 9 CSCR 368 (February 25, 1994, Hodgson, J.).
The return date designated in this action is September 20, 1994. The sheriff's return of service indicates that process was served on the defendant on September 10, 1994, and that process was not returned to court until September 16, 1994. Accordingly, the plaintiff failed to serve process on the defendant at least twelve days before the designated return date, as required by § 52-46, and to return the process to court at least six days before the designated return dated as required by § 52-46a. See Thorn Americas v. Torres, supra; see also Rogozinski v.American Food Services Equipment Corp. , supra, 211 Conn. 433.
For the reasons stated herein, the defendant's motion to dismiss is granted.
D'ANDREA, J.