[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Naugatuck Valley Radiological Associates, P.C. (the "P.C.") has moved to dismiss counts fourteen and fifteen of the plaintiff's complaint. The motion and its supporting memorandum of law raise two issues with respect to the court's jurisdiction in this action. The first claim is that this action must be dismissed as to the P.C. because of the plaintiff's failure to return the writ, summons and complaint to court at least six days before the return date. The second CT Page 1486-A claim is that the P.C. was not properly served with process in accordance with Connecticut statutes.
There is no dispute that the writ, summons and complaint in this action were returned to court on December 28, 1992, only one day prior to the return date, which was December 29, 1992. Nor is there any dispute that the writ, summons and complaint were returned to court late, in violation of General Statutes § 52a-46a, which requires the papers to be returned "at least six days before the return date." The parties do disagree, however, as to whether the court has any discretion with respect to dismissing this action because of the late return to court.
The P.C. relies chiefly on Rogozinski v. American FoodServices Corp. , 211 Conn. 431, 433 (1989), for support for its contention that dismissal of this action as to the P.C. is mandatory. In Rogozinski the writ, summons and complaint were returned to court five days before the return date. The Supreme Court upheld the trial court's dismissal of the action, citing earlier Supreme Court cases holding that General Statutes CT Page 1486-B § 52-46a is mandatory and failure to comply with the statute renders the action voidable. The Court rejected the plaintiff's argument that the late return of process was a "circumstantial error" within the meaning of General Statutes § 52-123 and the action therefore should not be dismissed.
The plaintiff argues that dismissal of this action for late return of process is not mandatory, citing Rogozinski and other cases which have found that late return of process makes the action voidable, not void. The plaintiff contends that because the action is only "voidable", the court necessarily has discretion with respect to the dismissal. This is not the case, however.
A voidable action is one where the defendant has the option of raising or waiving the defect. If the defendant chooses not to waive the jurisdictional defect of a late return, however, "the trial court must dismiss the action." (Emphasis added.)Arpaia v. Corrone, 18 Conn. App. 539, 541 (1989). The fact that a defect is voidable does not confer discretion on the court with respect to dismissal. CT Page 1486-C
The plaintiff also relies on Coughlan v. Murphy, 134 Conn. 601
(1948), but this case is clearly distinguishable from the current facts. Coughlan was an appeal from a probate court decision appointing a guardian for a child. After service of the appeal, the sheriff mailed the papers to the clerk's office together with his return of service. The papers were not received by the clerk or, if received, were subsequently misplaced and never located. The plaintiff then moved for permission to file duplicates of the lost papers, to enter the case on the docket and other relief, which the court granted.
Our Supreme Court upheld the trial court, relying on cases from New Hampshire, Massachusetts and elsewhere. Nowhere in the decision, however, is there any discussion of the issue before this court, which is whether General Statutes § 52-46a, or its predecessor, requires a dismissal of a case where there has been a late return. Moreover, in its analysis of another issue on appeal, the Supreme Court found that the probate appeal was not governed by statutes relative to "ordinary civil process," but was governed instead by a chapter of the statutes entitled CT Page 1486-D "Appeals from Probate." Id., 604. Because § 52-46a specifically provides that it is applicable to process in civil actions, it is questionable whether the court would have found § 52-46a
applicable even if the issue had been raised.
There is no merit to the plaintiff's contention that the court can employ discretion in deciding whether a case must be dismissed for late return to court. Under Rogozinski v.American Food Services Corp. , supra, the motion to dismiss must be granted by the court with respect to the P.C. and accordingly it is granted.[1] It is not necessary to reach the second issue raised in the motion to dismiss given the mandatory dismissal on the first issue.