[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Brian and Marcia Andreoli (hereafter "Andreoli"), instituted this proceeding by writ, summons and complaint returnable on December 28, 1993. It was in fact returned on June 5, 1995. The Andreolis allege in their "Intervening Complaint" that the defendant, Pecos River Learning Centers, Inc. (hereafter "Pecos"), was negligent and strictly liable for the injuries sustained by Brian Andreoli CT Page 10477 on October 30, 1991, during an "adventure learning" experience in which he fell from the "High Y" device, a taunt, thirty (30) foot high, guy wire stretched between two telephone poles. His injuries occurred during an employer sponsored outing consisting of "pre-planned outdoor events and indoor activities [which] provide safe and empowering adventures that will teach you skills for making positive change." As a result of his injuries, he received workers' compensation benefits.
On November 31, 1993, Andreoli's employer, Boehringer Ingelheim Corp. (hereafter "Boehringer"), commenced an action under Docket No. 31 54 03 entitled Boehringer v. Pecos, to recover the monies expended on behalf of Brian Andreoli for the said workers' compensation benefits. On December 15, 1993, the Andreolis filed a motion to intervene in Boehringer's action which was subsequently granted. Their "Intervening Complaint" in that matter is a carbon copy of the document filed to commence this action. The allegations are exactly the same, as are the parties and the claims for relief. The Boehringer action is still viable.
On June 20, 1995, Pecos filed a motion to dismiss the "Intervening Complaint" based on the prior pending action doctrine and the fact that the process was not returned to the court until after the December 28, 1993 return date. No opposition documentation has been filed.
A motion to dismiss is the proper vehicle to raise the prior pending action doctrine although the doctrine does not actually implicate the court's subject matter jurisdiction. "Under the prior pending action doctrine, the pendency of a prior suit between the same parties brought to obtain the same end will generally render the latter suit amenable to dismissal. When two separate suits are virtually alike, the second suit is deemed unnecessary, oppressive and vexatious. To determine the applicability of the doctrine, we must examine the pleadings to ascertain whether the actions are virtually alike. Gaudio v.Gaudio, 23 Conn. App. 287, 295-296, cert. denied, 217 Conn. 803.
In the present case, when the pleadings are compared, it is apparent that the two complaints both entitled "Intervening Complaint" are exactly alike, containing the same parties, allegations and claims for relief. Moreover, the Boehringer matter has not been concluded. CT Page 10478
Pecos' second ground for its motion to dismiss is that the Andreolis failed to timely return the process to court. The record reflects that the return date on the summons is December 28, 1993, and that the summons was stamped as filed in the clerk's office on June 5, 1995.
Section 52-46a of the General Statutes provides in relevant part that process in civil actions shall be returned to the clerk of the Superior Court at least six days before the return day. This statute is mandatory and failure to comply with its requirements as to the time when process shall be served renders the proceeding voidable and subject to abatement. Rogozinski v. American Food ServiceEquip. Corp., 211 Conn. 431, 433, quoting 1 Freeman, Judgments (5th Ed.), p. 697. The requirements of Sec. 52-46a have been held to be deemed too plain for question.
In the present case, the plaintiffs returned the processnot at least six days before the return date as required, but rather 524 days after the return date.
The motion to dismiss is, accordingly, granted on either and/or both grounds.
Moraghan, J.