[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants John Voss and Regional School District #15 have moved to dismiss this action against them. The motion and its supporting memorandum of law claim that this action must be dismissed as to these defendants because of the plaintiff's failure to return the writ, summons and complaint to court at least six days before the return date.
There is no dispute that the writ, summons and complaint in this action were returned to court on March 29, 1996, only four days prior to the return date, which was April 2, 1996. Nor is CT Page 7751 there any dispute that the writ, summons and complaint were returned to court late, in violation of General Statutes § 52a-46a, which requires the papers to be returned "at least six days before the return date." The plaintiff has not made any attempt to amend the return date or otherwise avoid the statutory violation.
The defendants cite numerous cases including Rogozinski v.American Food Services Corp., 211 Conn. 431, 433 (1989), for support for their contention that dismissal of this action is mandatory. In Rogozinski the writ, summons and complaint were returned to court five days before the return date. The Supreme Court upheld the trial court's dismissal of the action, citing earlier Supreme Court cases holding that General Statutes §52-46a is mandatory and failure to comply with the statute renders the action voidable. The Court rejected the plaintiff's argument that the later return of process was a "circumstantial error" within the meaning of General Statutes § 52-123 and that the action therefore should not be dismissed.
The plaintiff here contends that the defendants waived their right to void the action by filing a "general" appearance. The plaintiff contends that even after the 1978 Practice Book amendments deleted the distinction between special and general appearances, our courts have continued to hold that a general appearance is a waiver of defects in return of service. The cases cited by the plaintiff, however, do not support his contention.
A voidable action is one where the defendant has the option of raising or waiving the defect. If the defendant chooses not to waive the jurisdictional defect of a late return, however, "the trial court must dismiss the action." (Emphasis added.) Arpaiav. Corrone, 18 Conn. App. 539, 541 (1989). The fact that a defect is voidable does not confer discretion on the court with respect to dismissal.
This court is aware that our Supreme Court has recently decided two cases where the court upheld the plaintiff's right to remedy certain jurisdictional defects by amendment. AndoverLimited Partnership I v. Board of Tax Review, 232 Conn. 392
(1995); Concept Associates, Ltd. v. Board of Tax Review,229 Conn. 618 (1994). The court is further aware that some observers believe these cases may indicate a trend away from dismissal of cases for technical deficiencies and in favor of reaching the merits in such cases. This court would endorse such a trend. CT Page 7752 However, Rogozinski and Arpaia have not been reversed and until such time as they may be reversed, the cases remain controlling authority for this court.
The motion to dismiss of the defendants John Voss and Regional School District #15 is granted.
VERTEFEUILLE, J.