[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT #148
The primary thrust of the defendants motion is that this action should be dismissed because it was not brought within the period permitted of the statute of limitations and that the accidental of failure statute could not resurrect it. The underlying action involves a product liability claim stemming from a fire which occurred in 1982. This case has a complicated procedural history. In brief, the plaintiff filed an action in Litchfield, which was dismissed for failure to prosecute, specifically for failure to revise its complaint as ordered by the court, in 1987. Subsequently, the plaintiff filed this case in 1988. A trial court ruling on a motion to dismiss was considered by the Supreme Court in Rogozinski v. American FoodService Equipment Corp. , 211 Conn. 431 (1989). While the Supreme Court case was pending, the plaintiff filed a third case in Hartford which was transferred to Litchfield. The third case was also dismissed for failure to prosecute. This case is the only one remaining.
This case has been dismissed as to all of the original defendants in this case, other than two, this defendant Vulcan-Hart Corporation ("Vulcan") and one Willis A. Holmes. Had these remaining defendants joined with the other defendants in their Motion to Dismiss this case would be history. The court must now address the defendant Vulcan's argument that it is entitled to summary judgment because the accidental failure of statute, C.G.S. § 52-592, under which this case has been instituted, was improperly invoked.
In order for the court to consider the defendant motion it CT Page 6943 must find that the plaintiff's conduct in allowing past action to be dismissed was so egregious that it should not permit the remedy afforded by C.G.S. § 52-592. Our Supreme Court held in Ruddock v. Burrowes, 243 Conn. 569, 706 A.2d 967 (1998), that disciplinary dismissal is a matter of form which may be covered by § 52-592. and suggests that there is a continuum of applicability, namely dismissals based on mistake or inadvertance, or dismissals based on egregious conduct. "On the one hand . . . we have held that § 52-592 (a) is remedial in nature and, therefore, warrants broad construction. . . . On the other hand, our decisions have also underscored the importance of trial court caseflow management of crowded dockets. Caseflowmanagement is based upon the premise that it is theresponsibility of the court to establish standards for theprocessing of cases and also, when necessary, to enforcecompliance with such standards. Our judicial system cannot becontrolled by the litigants and cases cannot be allowed to driftaimlessly through the system. . . ." (Citations omitted; emphasis added; internal quotation marks omitted.) Id., 575.
The court stated that in order to determine if § 52-592
(a) applies to a particular case, the plaintiff must be afforded an evidentiary hearing to allow the court to determine if the prior dismissal was due to a "matter of form." Id., 576-77. This court has not conducted a evidentiary "Ruddock" hearing. On the other hand, there may be enough evidence contained in affidavits and other exhibits that would provide a basis for the court to find "egregious" conduct. Although the court feels that the conduct of the plaintiff here was no less egregious than the conduct found in Gillum v. Yale University, Superior Court, judicial district of New Haven, Docket No. 409666 (Dec. 23, 1998,Blue J,), in which Judge Blue granted a motion for summary judgment, the court here is reluctant to take that action here.
The dilemma the court faces is whether to schedule a "Ruddock" hearing and proceed on this motion or to deny the motion and allow the case to proceed on the merits. Since this case has been emasculated with the dismissal of five defendants it may take less time to try this matter on the merits than to conduct a "Ruddock" hearing. In addition, given the fact that this case has existed in our judicial system since 1982 it is now time to proceed to trial without further delay. The court will deny the motion for Summary Judgment since it has not conducted a "Ruddock" hearing and it therefore can not confidently make findings as to alleged egregious conduct CT Page 6944
Whether the plaintiff can make a prima facia case without an expert witness is a factual determination to be made at trial.
The defendants Motion for Summary Judgment is denied.
Pellegrino, J.