[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO DISMISS)
The defendant has filed a motion to dismiss the plaintiff's action. By summons and Complaint dated July 27, 1999, the plaintiff instituted an action against the defendant. The return date on said summons was August 17, 1999. The plaintiff returned the process for filing with the Clerk of the Court at the New Haven Judicial District rather than the Judicial District of Ansonia/Milford at Milford. Once the plaintiff received his process back from the Clerk's Office in the New Haven Judicial District, the plaintiff filed the complaint with the Clerk's Office in the Judicial District of Ansonia/Milford at Milford on August 25, 1999. The return date on said summons had never been amended, and thus still carried a return date of August 17, 1999.
The defendant, in its motion to dismiss, cites Connecticut General CT Page 8062 Statutes § 52-46a requiring that process in civil actions be returned to the Superior Court at least six days before the return date is mandatory and failure to comply with its requirements renders the proceeding voidable, rather than void and subject to abatement.Rogozinski v. American Food Service Equipment Corp., 211 Conn. 431, 433,559 A.2d 1110 (1989). "Once an action has been brought by service of process on the defendant, a trial court may thereafter dismiss the action for failure to return the service of process within the mandated time period." Rana v. Ritacco, 236 Conn. 330, 339 (1996).
The defendant filed its appearance on January 4, 2000. In compliance with Connecticut Practice Book § 10-30, the defendant filed its motion to dismiss on January 7, 2000. On March 15, 2000, the plaintiff filed a Request for Leave to Amend Complaint seeking to amend the Return Date to September 7, 1999. The defendant has objected to this request, as the request for amendment of the return date is more than 30 days after the return date and, thus, is not by right, but rather, only with the permission of the trial court. Connecticut Practice Book § 10-60.
The defendant further argues that the court must consider the defendant's motion to dismiss prior to entertaining any other motion, as the absence of the jurisdiction has been brought to the notice of the court, and this claim of jurisdiction must be passed upon before the matter can move forward. Mazzarelli v. Town off Goshen, 19995 WL 512790,Baldwin Piano and Organ Co. v. Blake, 186 Conn. 295, 441 A.2d 183(1982).
Pursuant to Connecticut Practice Book § 10-31, a motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, and (3) improper venue. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Richardello v. Butka, 45 Conn. Sup. 336 (1997); Gurliacci v. Mayer,218 Conn. 531, 544 (1991). "A motion to dismiss is used to assert jurisdictional flaws that appear on the record or are alleged by the defendant in a supporting affidavit as to facts not apparent on the record." Villager Pond, Inc. v. Darien, 54 Conn. App. 178, 182 (1999);Bradley's Appeal from Probate, 19 Conn. App. 456, 461-62 (1989). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Villager Pond, Inc. v. Darien,supra at 183; Mahoney v. Lensink, 213 Conn. 548, 567 (1990). "It is the law in our courts, as it is in the federal courts, that [a] court may dismiss a complaint only if it is clear that no relief could be granted CT Page 8063 under any set of facts that could be proved consistent with the allegations." Pamela B. v. Ment; 244 Conn. 296, 309 (1998). "Standing is the legal right to set judicial machinery in motion. . . . If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause." City off Middletown v. PG Enterprises, Ltd.Part., 45 Conn. Sup. 435, 437 (1998).
 Connecticut General Statutes § 52-72 states as follows:
 (a) "Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return date or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement.
 (b) Such amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of that service, as if originally in proper form.
 (c) If the court, on motion and after hearing, finds that the parties had notice of the pendency of the action and their rights have not be prejudiced or affected by reason of the defect, any attachment made by the original service . . . shall be preserved and continued from the date of service of the original process as though the original process had been in proper form. . . ."
A similar situation was addressed in Coppola v. Coppola, 243 Conn. 657,707 A.2d 281 (1998). In Coppola, the plaintiff appealed to the Appellate Court from the judgment of the trial court dismissing her negligence action against the defendant on the ground that civil process had not been returned to court at least six days before the return date as required by Connecticut General Statutes § 52-46a. The plaintiff had filed a motion to amend the return date, but the trial court concluded that Connecticut General Statutes § 52-72 permitting an amendment to correct defective process did not allow an amendment to correct a late return of process. The Appellate Court affirmed the trial court's judgment of dismissal, and the plaintiff, on the granting of certification, appealed to the Supreme Court.
The Supreme Court held that the plaintiff should have been allowed to amend her complaint. Connecticut General Statutes § 52-72 is a remedial statute that must be liberally construed in favor of those whom the legislature intended to benefit, and permitting such an amendment is consistent-with the court's policy preference for bringing about a trial on the merits of a dispute whenever possible and securing for a litigant a day in court. Id. at 658. CT Page 8064
The Supreme Court in deciding, Coppola v. Coppola, 243 Conn. 657(1987), took cognizance of Rogozinski v. American Food Service EquipmentCorp., 211 Conn. 431 (1989) and Rana v. Ritacco, 236 Conn. 330 (1996)
when rendering its decision. "Allowing an amendment of the return date under the circumstances of the present case does not render ConnecticutGeneral Statutes § 52-46a meaningless. A return date may be amended but it still must comply with the time limitations set forth inConnecticut General Statutes § 52-48 (b). Section 52-48 (b) requires that "[a] 11 process shall be made returnable not-later than two months after the date of the process. . . .". Section 52-48 (b) therefore, with its two months limit, circumscribes the extent to which a return date may be amended. Coppola, supra, 666, 667 (Shea, J., concurring).
The court finds after hearing that the defendant had notice of the pendency of the action and its rights have not been prejudiced or affected by reason of the defect.
Accordingly, the motion to dismiss is denied, as the court will grant the plaintiff's request to amend the return date.
The Court
By Arnold, J.