STANLEY V. TUCKER *v.* NEIGHBORHOOD LEGAL SERVICES, INC., ET AL.
(2145)

HULL, DALY and NIGRO, Js.

Argued March 22—decision released June 4, 1985

*Stanley V. Tucker,* pro se, the appellant (plaintiff).

*Michael G. Durham,* with whom, on the brief, was *Janet L. Lawler,* for the appellees (named defendant et al.).

*George B. Bickford,* for the appellees (defendants Edgardo and Rosalie Figueroa)

NIGRO, J. This is an appeal[1] from the dismissal of the complaint by the Housing Session of the Superior Court. The complaint was brought under 42 U.S.C. § 1983,[2] which authorizes civil suits for the deprivation of constitutional rights, and under 42 U.S.C. § 1988, which allows the award of attorney's fees in § 1983 actions.

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

[2] 42 U.S.C. § 1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The plaintiff is the lessor of rental property in the city of Hartford. The defendants named in the complaint are Neighborhood Legal Services, Inc., a Connecticut corporation, David Pels, an attorney employed by Neighborhood Legal Services, Inc., and Edgardo and Rosalie Figueroa, tenants or former tenants of the plaintiff.

The complaint alleged that General Statutes §§ 47a-7[3] and 47a-4a[4] are unconstitutional in that they confiscate private property without compensation in violation of the federal constitution and are fatally uncertain, vague and obscure. The complaint also alleged that Pels, as an employee of Neighborhood Legal Services, Inc., represented Edgardo and Rosalie Figueroa (as well as another tenant) in summary process proceedings and, by presenting defenses based on the challenged statutes, delayed eviction and deprived the plaintiff of rent. An additional count against the defendants Figueroa claimed unpaid rent.

The plaintiff sought a variety of relief in this action including a declaratory judgment, injunctions, damages, attorney's fees, double damages and interest.

The trial court dismissed the complaint as a 42 U.S.C. § 1983 action for lack of subject matter jurisdiction because there was no state action by the defendants, and further held that the plaintiff lacked standing to challenge the state statutes. The trial court also dismissed the action against the defendants Figueroa for lack of jurisdiction over the person.

---

[3] General Statutes §§ 47a-7 sets forth the landlord's responsibilities, and provides generally that the landlord is required to conform with building and health codes, and to maintain the premises in a fit and habitable condition.

[4] General Statutes § 47a-4a provides: "A rental agreement shall not permit the receipt of rent for any period during which the landlord has failed to comply with . . . section 47a-7."

Although the plaintiff asserts that the adequacy of the allegations in the complaint should have been raised by a request to revise rather than a motion to dismiss, "[t]here appears to be no question that the requirement of 'state action' in a section 1983 claim is an essential jurisdictional predicate. . . . Accordingly, where state action is found lacking, the section 1983 complaint is properly dismissed for lack of subject matter jurisdiction." (Citations omitted.) *Robinson* v. *Bergstrom,* 579 F.2d 401, 404 (7th Cir. 1978).

In a § 1983 action, where the thrust of the complaint is that the defendants have deprived the plaintiff of his constitutional right to be free from state deprivation of property without due process of law, the plaintiff must not only establish that the defendants acted under color of the challenged statutes, but also that their actions are properly attributable to the state of Connecticut. *Flagg Bros., Inc.* v. *Brooks,* 436 U.S. 149, 156, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978).

In his complaint, the plaintiff named no state officer as a defendant. There is no allegation that any of the named defendants are state officials or agencies. Even if the named legal assistance corporation and its attorney were alleged to have been governmentally funded and regulated (which was not alleged), this would not have brought these defendants under the umbrella of "state action" required for the purposes of establishing jurisdiction under § 1983. *Graseck* v. *Mauceri,* 582 F.2d 203 (2d Cir. 1978), cert. denied sub nom. *Graseck* v. *Middlemiss,* 439 U.S. 1129, 99 S. Ct. 1048, 59 L. Ed. 2d 91 (1979); *Lefcourt* v. *Legal Aid Society,* 445 F.2d 1150 (2d Cir. 1971).

The appearance of the defendant tenants and their attorney before a state court is insufficient joint action with the state to establish state action for jurisdiction under § 1983. *Torres* v. *First State Bank of Sierra*

*County,* 588 F.2d 1322, 1326 (10th Cir. 1978). Nor can the assertion of defenses authorized under a state statute in a court proceeding sustain a conclusion of state action unless there is also some affirmative involvement on the part of the state. *Shirley* v. *State National Bank of Connecticut,* 493 F.2d 739 (2d Cir. 1974), cert. denied, 419 U.S. 1009, 95 S. Ct. 329, 42 L. Ed. 2d 284.

The trial court acted appropriately in dismissing the complaint for failure to establish subject matter jurisdiction for a § 1983 action.

As to the attack on the constitutionality of General Statutes §§ 47a-7 and 47a-4a, the trial court concluded that the plaintiff had "not alleged in his complaint any losses sustained or any real threat to his property rights. Section 47a-4a . . . permits a tenant to withhold rent but only in the event that the landlord has violated his obligation to maintain the premises in habitable condition. There is no allegation that there was any such violation which would set this statutory scheme in motion . . . ." As our Supreme Court has stated: " 'Persons wishing to contest, on constitutional grounds, the validity of legislation must be able to show, not only that the legislation is invalid, but also that they have sustained, or are in immediate danger of sustaining, some direct injury as the result of its enforcement . . . . [T]he power of courts to pass upon the constitutionality of statutes arises only when the interests of litigants require the use of this judicial authority for their protection against actual interference; a hypothetical threat is not enough.' " *Kuser* v. *Orkis,* 169 Conn. 66, 74, 362 A.2d 943 (1975). We cannot presume that the plaintiff has failed to comply with the requirements of the statute and he has not alleged such. We conclude that dismissal was appropriate in this circumstance.

The trial court dismissed the action against the defendants Figueroa for lack of in personam jurisdic-

tion. These defendants were not served with process, either personally or by abode service, or given any other form of notice authorized under our procedure to establish jurisdiction over the person. The plaintiff asserts that the trial court abused its discretion in not allowing him to amend his return date so he could continue efforts to effect service. We find no such abuse of discretion even if the trial court could allow such an amendment, since the date requested was more than two months after the date of process, which is beyond the time mandated for return of service by General Statutes § 52-48.

There is no error.

In this opinion the other judges concurred.