[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of a dispute between the plaintiff William H. Wilson, a developer, and the defendants West Service Corporation, a public utility in Suffield, and Paul Hryniewicz, an employee of West Service Corporation. The complaint is in three counts. The first count alleges that the defendants Hryniewicz and West Service Corporation deprived the plaintiff of his substantive due process rights in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, sections 8 and 11 of the Constitution of the State of Connecticut and 42 U.S.C. § 1983. Count two alleges that the defendant Hryniewicz intentionally interfered with the plaintiff's prospective contractual relations. The third count alleges that the defendants commenced and prosecuted vexatious actions against the plaintiff.
The defendants have filed a motion to dismiss for failure to join an indispensible party in the first count where a claim is made under section 1983 without naming a "state actor" as a party defendant. The defendants also seek to dismiss the entire complaint claiming that the summons does not contain a proper return date and that the court therefore lacks jurisdiction.
Insofar as the defendants employ the motion to dismiss for failure to join an indispensible party, the motion must be denied because "the exclusive remedy for nonjoinder of parties is by motion to strike.- Connecticut Practice Book Section 198; see also Connecticut Practice Book Section 152. Moreover, the defendants' reliance on Tucker v. Neighborhood Legal Services, Inc., 4 Conn. App. 209 (1985) is misplaced because that case involved a motion to dismiss for lack of subject matter jurisdiction rather than nonjoinder of a party. Tucker,4 Conn. App. at 211. See also Bronson v. Consolidated Edison Co. of New York, Inc., D.C.N.Y. 1971972 3507 Supp. 443 and Salisbury v. Southing New England Telephone Company, 365 F. Sup. 1023,1025.
The defendants further claim that the summons does not contain a proper return date and that the action should be dismissed for lack of subject matter jurisdiction. "It cannot be disputed that an improper return day affects the court's jurisdiction." Brandriff v. Sellas, 40 Conn. Sup. 243, 244
CT Page 333 (1985); see also Hartford National Bank Trust Co. v. Tucker,178 Conn. 472, 478-79 (1979). However, a review of the court's file reveals that the summons dated November 14, 1990 has in its caption a proper return date of December 4, 1990. Additionally, an incorrect return date which appeared on plaintiff's order, complaint and amount in demand was for the purpose of clarity, corrected by amendment on January 4, 1991.
The motion to dismiss is denied.
LEONARD W. DORSEY SENIOR JUDGE