[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff commenced this action by a Writ, Summons and Complaint returnable September 9, 1991. The defendants have filed a Motion to Strike said complaint alleging that said complaint fails to state a claim upon which relief can be granted.
The plaintiff had previously instituted an action dated March 12, 1990 against the same defendants. The defendants moved to strike that complaint on the basis that the action was brought on March 12, 1990, but the return date was May 22, 1990, in violation of 52-48 Conn. Gen. Stat.
On June 22, 1990 the plaintiff filed a Motion for Amendment of Process pursuant to 52-72 Conn. Gen. Stat. Judge Flanagan ruled on June 25, 1990 that the defendants' Motion to Dismiss be granted unless the plaintiff amended her return on or before July 15, 1990. On July 5, 1990, the plaintiff amended her return date to May 8, 1990.
The defendants moved to dismiss the Amended Complaint pursuant to 52-46a arguing that process must be returned to the Superior Court at least six days before the return date. On August 13, 1990, Judge Flanagan granted said motion.
The issue before this court is whether, in light of the rather tortured procedural history of the previous action, the present complaint brought pursuant to 52-592 Conn. Gen. Stat. (Accidental Failure of Suit Statute) should be stricken. It is the opinion of this court that it should not be stricken.
"The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1982). "In deciding on a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the complaint, and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). The court must construe the facts in the complaint in the manner most favorable to the nonmoving party. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). "[I]f the facts provable under [the pleadings] allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. C.B.S., Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985).
Defendants, citing Church v. Grenus, 5 CSCR 57 (January 3, 1990, Hennessey, J.) and Jaconski v. A.M.F., Inc., 208 Conn. 230,543 A.2d 728 (1990), contend that General Statutes 52-592 has CT Page 9469 been held to be unavailable to claimants whose negligence resulted in dismissal of their actions and that in the present case plaintiff was negligent. Defendants, argue that because plaintiff failed to properly amend the return date on or before July 15, 1990 as per the court's order of June 25, 1990, plaintiff cannot take advantage of General Statutes 52-592 and therefore has failed to state a claim upon which relief can be granted. Plaintiff argues that because it was not possible to comply with the court order without violating General Statutes 52-46a, the remedial relief of 52-592 is properly invoked.
General Statutes 52-46a provides in pertinent part that for civil process which is returnable to the superior court, process shall he returned to the appropriate clerk "at least six days before the return day." General Statutes 52-48(b) provides that "[a]ll process shall be made returnable not latter (sic) than two months after the date of the process and shall designate the place where court is to be held." For purposes of 52-48(b), the date of process is the date when the writ, summons and complaint are signed, issued and served. E. Stephenson, Connecticut Civil Procedure, (2d Ed. 1970) 21(b), p. 68; Taylor v. Judd, 41 Conn. 483,484 (1874).
General Statutes 52-592(a) provides in relevant part that:
 If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, . . . the plaintiff. . . may commence a new action. . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
This statute was passed to avoid the hardships arising from an unbending enforcement of limitation statutes. Ross Realty Corporation v. Surkis, 163 Conn. 388, 392, 311 A.2d 74 (1972). As remedial statute, it is to be liberally interpreted. Id., 393.
In the present case, the date of plaintiff's process was March 12, 1990. The original process was not returned to court until May 16, 1990. Because General Statutes 52-48(b) does not allow a plaintiff to amend the return date where the date requested is more than two months after the date of process, plaintiff amended the return day to May 8, 1990, which is the last Tuesday which fell within the two month period following March 12. Tucker v. Neighborhood Legal Services, Inc., 4 Conn. App. 209, 214, CT Page 9470493 A.2d 278 (1985); General Statutes 52-48(b). The result of plaintiff's compliance with 52-48(b) was that plaintiff was unable to comply with 52-46a which requires that service be returned to the clerk of the court at least six days before the return day. (emphasis added). Because service had already been made on May 16, it was impossible for plaintiff to return service before the new return date of May 8.
The plaintiff could not comply with the June 25, 1990 order of this court without violating 52-46a. The plaintiff was effectively boxed into a procedural quagmire. This case is clearly distinguishable from cases where the plaintiff was negligent, here the plaintiff was effectively placed into an impossible position.
Therefore, it is the opinion of this court that given the remedial nature of 52-59(a) Conn. Gen. Stat., the motion to strike should be and is hereby denied.
Robert E. Reilly, Judge