[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In their complaint, the plaintiffs, James and Linda Donaghue (Donaghue), in five (5) counts seek money damages from the Town of Litchfield (Town) and an injunction against further contamination to their property and enforcement of a special well drilling permit statute. The plaintiffs' counsel has stated on the record no injunction is now being sought. The town's counsel stated on the record the town is acting to repeal the subject statute and will supply potable water to the plaintiffs should they find that leachate from the town landfill makes it impossible to drill a well on the plaintiffs' property. Such a supply was required of the town by the Connecticut Department of Environmental Protection by its order of 12/30/83 for the adjacent Murphy property.
The trial held before the court, during which the court twice visited the area of the landfill and the plaintiffs' property, is therefore concerned with the plaintiffs' claim for money damages. In their five counts, the plaintiffs seek such damages in theories of (1) nuisance, (2) violation of statute (22a-427), and (3) taking without just compensation. At trial and on the record, the plaintiffs abandoned the claim of taking and the court will consider the remaining claims.
The court finds the following facts. In May, 1981, the Donaghues purchased a large house and thirty-nine (39) acres of land with other buildings on the south side of New Pitch Road, Litchfield. The acreage extends easterly along Pitch Road from the house and then also northerly across Pitch Road at its easterly end. A small stream begins directly south of the Town's landfill and flows southerly through others land, through land formerly of one Murphy and into the plaintiffs' land north of Pitch Road and then under Pitch Road to other land of the plaintiffs, all to the east of the plaintiffs' house. The Town operated the landfill for over fifty (50) years at a site environmentally unsuitable from the outset. Due to the operation of CT Page 8052 the landfill in violation of practices designed to restrict the generation of landfill leachate, leachate has found its way down this stream as it passes through the plaintiffs' land on both sides of Pitch Road. This leachate would cause the stream at times to be discolored, odorous, murky and to carry chloride deposits of metals and dissolved solids. Since the leachate migrates through bedrock underlying the landfill, the impact to the stream will continue after the closure. This continuous situation which will continue into the future, constituted and will constitute a nuisance. See Dingwell v. Litchfield, 4 Conn. App. 213
(1985). At the present time, the town is closing the landfill and capping it with clay to prevent future runoff of leachate under a Connecticut Department of Environmental Protection (DEP) order. In response to that same order, the Town passed the subject ordinance requiring pre-testing of future well drilling sites in an area of concern surrounding the landfill which includes the easterly acres of the plaintiffs on both sides of Pitch Road.
The plaintiffs' land through which the stream flows consists in the large part of ledge, other stream beds and swamps, and is not easily capable of development for home sites.
The decreased use of the landfill and its ongoing capping have ameliorated, but will not entirely eliminate, the leachate discharge and will continue to do so in the future. The court's second visit to the stream in the Spring after a period of very little rain revealed the stream to be much cleaner and less discolored than the court's winter visit at the start of the trial when snows had accrued at the landfill. Leachate is discharged from the landfill when rainfall or melting snows infiltrate the top surface and pass through the garbage into the ground water and into the surface water. The court finds any future damages to the plaintiffs' property has been diminished substantially by the steps ordered by the DEP.
The court does find that the past operation of the landfill between 1981 to 1989, when garbage was no longer accepted, to 1991, when the D.E.P. forced the closure of the landfill did continuously, substantially and adversely affect the plaintiffs' and their family's use and enjoyment of their land and its marketability. The acreage affected was valuable as excess acreage to a large mansion, valued at close to one million dollars, which the plaintiffs used as a weekend and vacation home. The Litchfield area contains many such homes with acreage, CT Page 8053 attractive to New Yorkers like the plaintiffs, seeking a second home in the country. The Town's real estate expert in 1987 valued the excess land as such at $100,000. The adverse affect upon the market value of the property is largely a matter of perception and aesthetics, which, however, affected the plaintiffs' use and enjoyment of their property and its market value.
Accordingly, judgment may be entered for the plaintiffs in the amount of $35,000.[1]
See Kralikowski v. Polycast, 153 Conn. 661, 670; Nailer v. Blakeslee, 117 Conn. 247, 246.
In view of its holding on the claim of nuisance, the court need not and does not pass on the plaintiffs' statutory violation claims.
McDonald, J.