[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant makes this motion to dismiss on the basis that the process was made returnable more than two months after the date of the process.
The process in this action is dated October 7, 1996. The return day is listed as December 10, 1996.
"The `date of the process', of course, refers to the date of the writ of summons or attachment which must be accompanied by the complaint". Hazlett v. Commission on Human Rights andOpportunities, 207 Conn. 555, 557 (1988). This process was made returnable later than two months after the date of the process. General Statute § 52-48(b) provides "all process shall be made returnable not later than two months after the date of the process and shall designate the place where the court is to be CT Page 3938 held".
General Statute § 52-48(b) is mandatory as concerns the permissible calendar limit beyond which a return day may not be set. The use of the term "shall" is mandatory, not discretionary. Defective process causes the process to be abatable. Conden v. Zoning Board of Appeals, 131 Conn. 654, 658
(1945). The court is not enabled to overlook a return day beyond that mandated by General Statute § 52-48(b). Nor could the court allow an amendment to the return day, even if requested by the plaintiff; "since the date requested was more than two months after the date of process, which is beyond the time mandated for return of service by General Statute § 52-48". Tucker v.Neighborhood Legal Services Inc., 4 Conn. App. 209, 214 (1985). Further, such amendment would implicate both timely service, General Statute § 52-46, and timely return, 52-46a, if requested to be set to within the two month period.
The court lacks jurisdiction over this matter because of the excessive time of the return date. Brandiff v. Sellas,40 Conn. Sup. 243, 244 (1985). The court has no discretion but to grant the motion to dismiss.
Accordingly, the motion of the defendant to dismiss the action by virtue of lack of jurisdiction is granted.
L. Paul Sullivan, J. Superior Court Judge