[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT CITY OF WATERBURY'S MOTIONS (#102) TO DISMISS AND (#103) TO WITHDRAW APPEARANCE
This action arises out of a motor vehicle accident, which occurred on January 4, 1999, in which the plaintiff, Luis Teissonniere, was a passenger in a vehicle being operated by the defendant, Pedro Ocasio.
Specifically, the plaintiff alleges that he was injured when a vehicle, operated by the defendant, Nicholas Dematteis, owned by the defendant, Blasius Rentals, and leased to the defendant, city of Waterbury, collided with Ocasi's vehicle. CT Page 15130
The plaintiff filed a complaint on December 15, 2000, against the defendants, alleging that the negligence and carelessness of Ocasio, Dematteis and the city of Waterbury caused his injuries and losses.[1]
The plaintiff further alleges that Blasius Rentals is liable for the negligent operation of Dematreis' vehicle pursuant to General Statutes § 14-154 (a).
Though the complaint names all four defendants, the summons names only Ocasio, the city of Waterbury and Blasius Rentals, and these were the only defendants to be served with process. Attorney John A. Nazi filed an appearance on behalf of Ocasio and the city, and attorney James L. Brawley filed an appearance on behalf of Blasius Rentals on January 17, 2001.
Dematteis and the city now move to dismiss the plaintiff's complaint against them on the grounds that there was insufficiency of process with respect to the service of the summons and complaint on Dematteis and, further because the allegations in the complaint against the city rely solely on the theory of respondeat superior. The defendants filed a memorandum in support of their motion and the plaintiff filed a memorandum in opposition.
The defendant City of Waterbury further filed a motion to withdraw the appearance filed on behalf of the city and Ocasio and to substitute a corrected appearance for the city and Dematteis on February 20, 2001, as the employee of the city is Dematteis, not Ocasio.[2]
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the person and insufficiency of service of process? Practice Book § 10-31. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction?Upson v. State. 190 Conn. 622, 624, 461 A.2d 991 (1983). "Service of process on a party in accordance . . . statutory requirements is a prerequisite to a court's exercise of in persona jurisdiction over that party." General Motors Acceptance Corp. v. Pumphrey, 13 Conn. App. 223,227, 535 A.2d 396 (1988).
"[T]he filing of an appearance on behalf of a party, in and of itself, does not waive that party's personal jurisdiction claims." Pitchell v.Hartford, 247 Conn. 422, 432, 22 A.2d 797 (1999). "Nevertheless, [a]ny defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." (Internal quotation marks omitted.) Id.; see also Practice Book §10-30. "The rule specifically and unambiguously provides that any claim CT Page 15131 of lack of jurisdiction over the person as a result of insufficiency of service of process is waived unless it is raised by a motion to dismiss filed within thirty days in the sequence required by Practice Book §10-6." (Emphasis in original.) Id., 433. "Thus, thirty-one days after the filing of an appearance or the failure to adhere to the requisite sequence, a party is deemed to have submitted to the jurisdiction of the court. Any claim of insufficiency of process is waived if not sooner raised." Id.
Dematteis moves to dismiss on the ground of insufficiency of process. While Dematteis was listed as a defendant on the complaint, his name was omitted from the summons and he was never served with process. Although the plaintiff argues that Dematteis has waived any claim of lack of jurisdiction by filing his motion to dismiss more than thirty days after the filing of an appearance, the motion to dismiss and the appearance were filed on the same date and, therefore, his motion is timely. Accordingly, Dematteis may properly challenge the court's jurisdiction.
Similarly, in Tucker v. Neighborhood Legal Services, Inc.,4 Conn. App. 209, 493 A.2d 278, cert. denied, 197 Conn. 802, 495 A.2d 281
(1985), the defendants, Edgardo and Rosalie Figueroa, were mentioned in the complaint, but they were never served with process. "The trial court dismissed the action against the defendants Figueroa for lack of in personam jurisdiction. These defendants were not served with process, either personally or by abode service, or given any other form of notice authorized under our procedure to establish jurisdiction over the person."[3] Id., 213-14.
Here, since Dematteis was never served with process or given any other authorized form of notice, the court lacks personal jurisdiction with respect to Dematteis and, therefore, his motion to dismiss must be granted.
The city also moves to dismiss on the ground that if Dematteis is dismissed from the action, then the city should be dismissed because the allegations in the complaint against the city rely solely on the theory of respondeat superior. The city, however, was properly served in this action and an appearance was filed on its behalf on January 17, 2001. Further, since the city's motion to dismiss was filed on February 20, 2001, more than thirty days after the filing of its appearance, the city has waived any claim that the court lacks personal jurisdiction.[4] SeePitchell v. Hartford, supra, 247 Conn. 422. Accordingly, the court does not lack personal jurisdiction over the city and, therefore, the city's motion to dismiss must be denied.[5]
The court lacks personal jurisdiction over the defendant, Dematteis, CT Page 15132 because of insufficiency of process with respect to the service of the summons and complaint. The court does not lack jurisdiction, however, over the defendant, the city of Waterbury, because it was properly served with a summons and complaint and, further, because the city waived any jurisdictional claims by filing its motion to dismiss more than thirty days after the filing of its appearance. Accordingly, the court grants (#102) motion to dismiss as to Dematteis and denies the motion with respect to the city of Waterbury.
As previously noted, the court grants (#103) the defendant City of Waterbury's motion to withdraw appearance and to substitute corrected appearance.
Joseph W. Doherty, Judge