******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

NINO RIBEIRO *v*. FASANO, IPPOLITO
AND LEE, P.C., ET AL.
(AC 36385)

Gruendel, Lavine and Alvord, Js.

*Argued January 21—officially released June 2, 2015*

(Appeal from Superior Court, judicial district of New Haven, Wilson, J.)

*Stephen E. Pliakas*, for the appellant (plaintiff).

*Tiziana M. Scaccia*, for the appellees (defendant Fidelity National Title Insurance Company et al.).

*Elizabeth T. Timkovich*, with whom, on the brief, was *Pierre-Yves Kolakowski*, for the appellee (defendant Bank of America, N.A.).

*Opinion*

LAVINE, J. The plaintiff, Nino Ribeiro, appeals from the judgment of the trial court dismissing his action against the defendants Fidelity National Title Insurance Company, Chicago Title Insurance Company, and Bank of America, N.A.[1] On appeal, the plaintiff claims that the court improperly dismissed the present action by concluding that the writ of summons and complaint could not be amended to comply with both General Statutes §§ 52-48 (b) and 52-46a. We disagree and, therefore, affirm the judgment of the trial court.

The following facts are the alleged factual predicate for the plaintiff's cause of action. In 2007, the plaintiff retained the law firm of Fasano, Ippolito & Lee, P.C., and Attorney Alphonse Ippolito (collectively, law firm) to represent his interests with regard to his purchase of real property in New Haven. In that regard, Ippolito was to procure a utility easement that permitted the plaintiff to "tap into" the water and sewer lines on an adjacent property. Subsequent to the closing of the transaction on March 29, 2007, the adjacent property owner refused to permit the plaintiff to "tap into" the water and sewer lines on its property, allegedly on the basis of the language in the utility easement drafted by Ippolito.

In March, 2013, the plaintiff commenced the present action against the defendants when a state marshal served them with a writ of summons and complaint. The complaint alleged, in part, that the law firm breached its contractual obligation to the plaintiff by failing to draft an easement that secured his desire to "tap into" the water and sewer lines on the adjacent property. In addition, the complaint alleged that at the time of the plaintiff's purchase of the real property, the law firm also represented the interests of Bank of America, N.A. (bank), the mortgagee, and Fidelity National Title Insurance Company (insurer), the title insurance company. The plaintiff claims that the defendants are liable to him due to their agent's breach of duty.

The facts that are relevant to our resolution of the plaintiff's appeal are the action's procedural history, specifically, the dates on which certain acts transpired. There is no dispute as to the following facts. The writ of summons and complaint was signed on *March 26, 2013*. The return date stated on the summons and complaint was *May 28, 2013*. The time between March 26 and May 28, 2013, was two months and two days. The plaintiff returned the writ of summons and complaint (process) to court on *May 21, 2013*, seven days prior to the return date.

On June 26 and June 27, 2013, the insurer and the bank, respectively, filed motions to dismiss the action on jurisdictional grounds. In their motions to dismiss, the defendants claimed that the court lacked jurisdic-

tion because the process was signed on March 26, 2013, and the return date was May 28, 2013, which was two months and two days after the date of process in violation of § 52-48 (b). Section 52-48 provides that "(a) Process in civil actions . . . brought to the Superior Court may be made returnable on any Tuesday in any month. . . . (b) All process shall be made returnable not later than two months after the date of the process . . . ." Moreover, the defendants claimed that the process cannot be amended to comply with § 52-48, as the process was returned to court on May 21, 2013, which was seven days prior to the return date. General Statutes § 52-46a provides, in relevant part, that "[p]rocess in civil actions . . . shall be returned . . . to the Superior Court . . . at least six days before the return day."

In response to the defendants' motions to dismiss, the plaintiff filed a request for leave to amend, serve and file a writ of summons and complaint nunc pro tunc, "thereby amending his complaint dated March 26, 2013, and making it returnable May 21, 2013," and filed nunc pro tunc on May 14, 2013, pursuant to § 52-72. (Emphasis omitted.) General Statutes § 52-72 (a) provides: "Upon payment of taxable costs, any court shall allow a proper amendment to civil process which is for any reason defective." The defendants objected to the plaintiff's request to amend process nunc pro tunc. The court heard argument on the plaintiff's request to amend on September 23, 2013.[2]

On November 28, 2013, the court granted the defendants' motions to dismiss in a memorandum of decision. The court summarized the defendants' argument that the process in the present case violated § 52-48 (b) because the return date was two months and two days after the date process was signed and that although § 52-72 (a) permits process in a civil action to be amended in the event of a mistake relating to the return date, the plaintiff could not amend the process in such a way that any amendment would comply with *both* § 52-48 (b) and § 52-46a. The court acknowledged the plaintiff's position that § 52-72 (a) allows a proper amendment to civil process that is defective for any reason. The court recognized that § 52-72 is to provide for the amendment of otherwise incurable defects in civil process and that the intent of the legislature was to prevent the loss of jurisdiction "merely because of a defective return date." (Internal quotation marks omitted.) *Coppola* v. *Coppola*, 243 Conn. 657, 664, 707 A.2d 281 (1998). The goal of the statute is consistent with the public policy that disputes should be resolved on the merits at trial whenever possible. Id., 665.

Despite the remedial nature of § 52-72 and the fact that the statute is to be liberally construed, our Supreme Court has established boundaries to the statute's reach. "[T]he requirement of § 52-46a to return process in civil actions to the clerk of the Superior Court at least six

days before the return date is mandatory and failure to comply with its requirements renders the proceeding voidable, rather than void, and subject to abatement." (Footnote omitted.) Id., 661–62. "A return date may be amended but it still must comply with the time limitations set forth in § 52-48 (b). Section 52-48 (b) requires that [a]ll process shall be made returnable not later than two months after the date of the process . . . . Section 52-48 (b), therefore, with its two month time limit, circumscribes the extent to which a return date may be amended." (Internal quotation marks omitted.) Id., 666–67.

In granting the defendants' motions to dismiss, the court analyzed the issue as follows. "[P]rocess was signed with respect to both of the defendants on March 26, 2013, and the return date was set at May 28, 2013. Since this return date is two months and two days past the date on which process was signed, it is outside the two month requirement of § 52-48 (b). The plaintiff returned the process to this court on May 21, 2013, in compliance with § 52-46a, as May 21 is at least six days prior to the return date of May 28, 2013. The return of process date here on May 21 . . . cannot be amended to be in agreement with both § 52-46a and § 52-48 (b), as it must be. Moreover, since the return date to this court must be on a Tuesday, as [provided] in § 52-48 (a), moving the May 28 date back one week to a Tuesday would make the return date fall on May 21, the same date as the return of process, resulting in noncompliance with § 52-46a. Also, if the return date is to be pushed forward to the following Tuesday, on June 4, 2013, the two month limit between June 4, 2013, and the date process was signed on March 26 would still be contravened. Due to the original return date of May 28, 2013, on the writ of summons [and complaint], and the date on which the plaintiff returned process to this court on May 21, 2013, there is no date to which the court can amend the return date and remain in compliance with the requirements of both § 52-48 (b) and § 52-46a. As this constitutes insufficient process, this court lacks personal jurisdiction over the defendants."

On appeal, the plaintiff claims that the court improperly concluded that (1) he could not amend his civil process to comply with the two month limitation of § 52-48 (b) and that (2) *Coppola* v. *Coppola*, supra, 243 Conn. 665, precludes his proposed amendments to process.[3] The plaintiff also claims that the judgment dismissing his action against the defendants is contrary to the public policy underlying § 52-72. We disagree.

We begin with the standard of review. "A motion to dismiss . . . properly attacks the jurisdiction of the court . . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [decision to grant]

. . . the motion to dismiss will be de novo." (Citation omitted; internal quotation marks omitted.) *State* v. *Courchesne*, 296 Conn. 622, 668, 998 A.2d 1 (2010). The parties agree that this appeal presents a question of statutory interpretation. To the extent that our resolution of an appeal requires us to construe a statute, our review is plenary, as statutory construction is a question of law. See *State* v. *Dash*, 242 Conn. 143, 146–47, 698 A.2d 297 (1997).

We agree that the resolution of the plaintiff's appeal involves statutory construction. "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Commissioner of Public Safety* v. *Freedom of Information Commission*, 137 Conn. App. 307, 313, 48 A.3d 694 (2012), aff'd, 312 Conn. 513, 93 A.3d 1142 (2014).

We agree with the plaintiff that § 52-72 is remedial in nature and is to be liberally construed. See *Concept Associates, Ltd.* v. *Board of Tax Review*, 229 Conn. 618, 623, 642 A.2d 1186 (1994). We agree as well that as a general rule, a trial court should permit a plaintiff to amend the return date when, on the basis of the facts of a particular case, the amendment brings process into compliance with the mandatory requirements of both § 52-46a and § 52-48 (b). See *Tucker* v. *Neighborhood Legal Services, Inc.*, 4 Conn. App. 209, 213–14, 493 A.2d 278 (two month return date is mandatory), cert. dismissed, 197 Conn. 802, 495 A.2d 281 (1985); see also *Rogozinski* v. *American Food Service Equipment Corp.*, 211 Conn. 431, 433, 559 A.2d 1110 (1989) (mandatory that writ be returned six days prior to return date). In the present case, however, in order to bring his process into compliance with *both* § 52-46a and § 52-48 (b), the plaintiff seeks to amend the return date *and* the date process was returned to court nunc pro tunc. The fundamental question, therefore, is whether the date a writ is returned to court constitutes "process" and therefore is amendable pursuant to § 52-72. We conclude that it is not process and, therefore, may not be amended.

When enacting statutes, the legislature is "presumed to have created a harmonious and consistent body of law . . . ." (Internal quotation marks omitted.) *State*

v. *Courchesne*, supra, 296 Conn. 709. Moreover, we presume that the legislature does "not intend to promulgate statutes . . . that lead to absurd consequences or bizarre results." (Internal quotation marks omitted.) Id., 710. "Accordingly, [i]n determining the meaning of a statute . . . we look not only at the provision at issue, but also to the broader statutory scheme to ensure the coherency of our construction." (Internal quotation marks omitted.) *Thomas* v. *Dept. of Developmental Services*, 297 Conn. 391, 404, 999 A.2d 682 (2010). General Statutes §§ 52-45a, 52-46a, 52-48 and 52-72 are all contained in chapter 896 of our General Statutes, which is entitled "Civil Process, Service and Time for Return." We therefore construe them in a harmonious manner and as a consistent body of law.

Section 52-72 (a) provides: "Upon payment of taxable costs, any court shall allow a proper amendment to *civil process* which is for any reason defective." (Emphasis added.) "Civil process is the manner in which civil actions are commenced. General Statutes § 52-45a provides that civil process consist[s] of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day, the date and place for the filing of an appearance and information required by the Office of the Chief Court Administrator. The writ shall be accompanied by the plaintiff's complaint." (Internal quotation marks omitted.) *Wilson* v. *Troxler*, 91 Conn. App. 864, 870, 883 A.2d 18, cert. denied, 276 Conn. 928, 929, 889 A.2d 819, 820 (2005).

Our Supreme Court has construed "the term process to include . . . the summons, the complaint and any requisite attachments thereto. Civil process is defined as [a] process that issues in a civil lawsuit. Black's Law Dictionary (8th Ed. 2004). This interpretation is also consistent with the previous definition of civil process in Black's Law Dictionary, which referred to it as a summons, or, summons and complaint, and, less commonly, to a writ. Black's Law Dictionary (5th Ed. 1979); see also General Statutes § 52-63 (b) and (c) (civil process may be made by leaving writ, summons and complaint with commissioner of motor vehicles); and General Statutes § 52-102b (a) ([a]ny such writ, summons and complaint, hereinafter called the apportionment complaint)." (Internal quotation marks omitted.) *Morgan* v. *Hartford Hospital*, 301 Conn. 388, 402–403, 21 A.3d 451 (2011). We are unaware of any authority for the proposition that civil process includes the date a writ is returned to court.

In allowing a plaintiff to amend a return date to prevent the loss of jurisdiction " 'merely because of a defective return date' "; *Coppola* v. *Coppola*, supra, 243 Conn. 664; our Supreme Court has discussed the salutary purpose of remedial statutes, such as § 52-72: "Centuries ago the common law courts of England . . . insisted upon rigid adherence to the prescribed forms of action,

resulting in the defeat of many suits for *technical faults* rather than upon their merits. Some of that ancient jurisprudence migrated to this country . . . and has affected the development of procedural law in this state . . . [H]owever, our legislature enacted numerous procedural reforms applicable to ordinary civil actions that are designed to ameliorate the consequences of many deviations from the prescribed norm, which result largely from the fallibility of the legal profession, in order generally to provide errant parties with an opportunity for cases to be resolved on their merits rather than dismissed for some *technical flaw*." (Emphasis in original; internal quotation marks omitted.) *New England Road, Inc.* v. *Planning & Zoning Commission*, 308 Conn. 180, 188–89, 61 A.3d 505 (2013).

Our Supreme Court "further determined that such an interpretation was consistent with the [purpose of § 52-72] of ending the inequities inherent in eighteenth century common law that denied a plaintiff's cause of action if the pleadings were *technically imperfect*. . . . [O]ur prior analysis of § 52-72 illustrates that the intent of the legislature was to permit cure of *technical*, rather than *substantive*, defects in civil process." (Emphasis altered; internal quotation marks omitted.) Id., 189. Historically, § 52-72 has been applied "to cure only *technical* defects in the return date or the late return of process to court." (Emphasis added.) Id., 186.

Courts have permitted parties to amend civil process to correct the wrong return date; see *Haigh* v. *Haigh*, 50 Conn. App. 456, 717 A.2d 837 (1998); to correct a one calendar year difference between the return date on the summons and on the complaint; see *Williamette Management Associates, Inc.* v. *Palczynski*, 134 Conn. App. 58, 38 A.3d 1212 (2012); to correct the action where it had been made returnable to the wrong court; see *Stingone* v. *Elephant's Trunk Flea Market*, 53 Conn. App. 725, 732 A.2d 200 (1999); and to correct an apartment number for the defendant. See *Hartford National Bank & Trust Co.* v. *Tucker*, 178 Conn. 472, 423 A.2d 141 (1979), cert. denied, 445 U.S. 904, 100 S. Ct. 1079, 63 L. Ed. 2d 319 (1980). Our Supreme Court allows an improper return date to be amended after the return date has passed when doing so will not offend § 52-48 (b); see *Concept Associates, Ltd.* v. *Board of Tax Review*, supra, 229 Conn. 619–20; and to amend the return date to correct a failure to return process to court six days before the return date, if time permits. See *Coppola* v. *Coppola*, supra, 243 Conn. 664. Each of the defects in the foregoing cases was *technical* in nature and was remedied by changing the word(s) or numeral(s) on a page. We are not aware, however, of any case in which a court has taken the unusual step of purporting to alter, after the fact, the date on which a writ actually was returned to court.

In *New England Road, Inc.* v. *Planning & Zoning*

*Commission*, supra, 308 Conn. 180, our Supreme Court affirmed the judgment of the trial court denying a request to amend the service of process pursuant to § 52-72 where the complaint was served without an attached summons or citation. Id., 194. Citing *Hillman* v. *Greenwich*, 217 Conn. 520, 524, 587 A.2d 99 (1991), and *Village Creek Homeowners Assn.* v. *Public Utilities Commission*, 148 Conn. 336, 339, 170 A.2d 732 (1961), our Supreme Court stated that "a writ of summons is a statutory prerequisite to the commencement of a civil action. . . . [I]t is an essential element to the validity of the jurisdiction of the court." (Internal quotation marks omitted.) *New England Road, Inc.* v. *Planning & Zoning Commission*, supra, 192. Our Supreme Court concluded that "the failure to serve a summons or citation is a *substantive* defect that is not amendable pursuant to § 52-72." (Emphasis added.) Id., 191–92.

The relevant question, then, is whether the date process is returned is substantive or technical in nature. We conclude that the date process is returned to court is an historical fact and may not be amended by judicial fiat. Once process is returned to court and the date of return is recorded in the Superior Court file, it ought not be subject to change.

Our conclusion that the plaintiff in the present case may not avail himself of § 52-72 to amend the date the writ was returned to court finds support in *Rogozinski* v. *American Food Service Equipment Corp.*, supra, 211 Conn. 431. In *Rogozinski*, the process was returned to court five days, not six, prior to the return date. Id., 432. Our Supreme Court affirmed the judgment of the trial court dismissing the action for failure to comply with the mandatory requirement of § 52-46a that process be returned to court at least six days prior to the return date. Id., 435. The *Rogozinski* plaintiff argued that "the late return of process was a 'circumstantial error' within the meaning of [General Statutes] § 52-123, and, therefore, the matter should not have been dismissed."[4] Id., 433. Our Supreme Court disagreed, stating that "despite its facially expansive language, § 52-123 and its predecessors have been uniformly limited in their application to defects in the writ. See E. Stephenson, [Connecticut Civil Procedure (2d Ed.)] § 101, pp. 435–36. Meanwhile, there is uncontroverted authority to the effect that defects in the process are voidable and therefore subject to abatement." *Rogozinski* v. *American Food Service Equipment Corp.*, supra, 435.

Circumstantial defects appear to be similar in nature to the technical defects our Supreme Court discussed in *New England Road, Inc.* v. *Planning & Zoning Commission*, supra, 308 Conn. 180. "Circumstantial defects not subject to abatement by reason of § 52-123 or its predecessors have included the mistaken use of a Practice Book form . . . failure to designate an apartment

number in a writ . . . an erroneous reference in appeal papers to next term instead of next return day . . . a copy of the affidavit attached to the writ served upon the defendant did not bear the signature of the affiant . . . an erroneous reference in the return to the City Court held at New Haven in and for the city of New Haven instead of The City Court of New Haven . . . an erroneous prayer for relief on the writ and declaration rather than on the writ alone . . . and a defendant who had signed his name in the body of a plea in abatement signed defendant at the end of the plea instead of again signing his name." (Citations omitted; internal quotation marks omitted.) *Rogozinski* v. *American Food Service Equipment Corp.*, supra, 211 Conn. 434.

After concluding that the trial court properly dismissed the *Rogozinski* action, our Supreme Court stated in a footnote that "the General Assembly specifically considered this issue when it enacted General Statutes § 52-592, the accidental failure of suit statute, inasmuch as it specifically refers to the failure to return process. Since that statute authorizes the reinitiation of a suit that has failed 'to be tried on its merits because of insufficient service or return of the writ due to . . . neglect of the officer to whom it was committed' then, arguably, a suit whose process fails for an unknown reason, such as is the case here, should not be treated any more harshly." Id., 435 n.2. On the basis of this precedent, we conclude that the date process is returned to court is an historical fact that is substantive in nature and is not amendable pursuant to § 52-72.

For the foregoing reasons, we agree with the trial court that there is no date to which it could permit the plaintiff to amend the return date and remain in compliance with the mandatory requirements of both § 52-48 (b) and § 52-46a. To remedy the defect present here by manipulating an historical fact would be, in our opinion, a step too far. We therefore affirm the judgment of the trial court dismissing the plaintiff's action.

The judgment is affirmed.

In this opinion ALVORD, J., concurred.

[1] Fasano, Ippolito & Lee, P.C., and Alphonse Ippolito are also defendants, but they are not parties to this appeal. We, therefore, refer in this opinion to Fidelity National Title Insurance Company, Chicago Title Insurance Company, and Bank of America, N.A., as the defendants.

[2] The court did not rule on the plaintiff's request to amend. The request to amend, however, was rendered moot when the court granted the defendants' motions to dismiss.

[3] On appeal, the plaintiff has argued strenuously that our Supreme Court's decision in *Coppola* entitles him to amend the return date and the date he returned the writ to the Superior Court. We acknowledge the remedial purpose of § 52-72 articulated in *Coppola*, but that purpose cannot be achieved under the facts of the present case. *Coppola* is factually distinguishable.

In *Coppola*, process, with a return date of August 15, 1995, was signed on June 25, 1995. *Coppola* v. *Coppola*, supra, 243 Conn. 660. Process was returned to court on the return date, August 15, 1995, not six days prior thereto as required by § 52-46a. Id. Our Supreme Court permitted the return date to be amended to August 22, 1995, to comply with the six day rule, as that date did not violate the two month rule prescribed by § 52-48 (b); id.,

667 n.12; in other words, two months from the date process was signed was August 25, 1995. In the present case, process was returned in accord with § 52-48 (b), but the return date exceeded the mandatory two month time limit by two days. "Section 52-48 (b) . . . with its two month limit, circumscribes the extent to which a return date may be amended." Id., 666–67.

It is significant that in *Coppola*, the date process was signed was the date from which the two month limit of § 52-48 (b) was counted. "[O]nce an action has been brought by service of process on the defendant, a trial court may thereafter dismiss the action for failure to return the service of process within the mandated time period." *Rana* v. *Ritacco*, 236 Conn. 330, 339, 672 A.2d 946 (1996). The date process is signed is a matter of record and an historical fact. The date the process is returned to court also is a matter of record and an historical fact, and may not be altered.

[4] General Statutes § 52-123, entitled "Circumstantial defects not to abate pleadings," provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court."